UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Reinaldo O. Pagan
and other similarly situated
individuals,

    Plaintiff(s),

v.

Osceola County Council On Aging, Inc.
d/b/a Osceola Council On Aging

    Defendant,
_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Reinaldo O. Pagan and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant Osceola County Council on Aging, Inc., d/b/a Osceola Council On Aging, and alleges:

### Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages under the United States' laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Reinaldo O. Pagan is a resident of Deland, Volusia County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Osceola County Council on Aging, Inc., d/b/a Osceola Council On Aging (from now on, Osceola Council On Aging, or Defendant) is a non-profit Florida corporation. Defendant has a place of business in Kissimmee and Saint Cloud, Osceola County, within this Honorable Court's Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce.

4. All the actions raised in this Complaint occurred in Osceola County, Florida, within this Court's jurisdiction.

## General Allegations

5. This cause of action is brought by Plaintiff Reinaldo O. Pagan as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorneys fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT"). Plaintiff brings this action on behalf of himself, and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on

or after April 2020, (the "material time") without being adequately compensated.

6. Defendant Osceola Council On Aging is a non-profit human welfare organization providing housing and social services for seniors, disabled adults, and families in need.

7. Defendant uses resources from different private and federal/state agencies, as well as individual supporters nationwide. As per Plaintiff's information and belief, Defendant receives funds from different Federal and State agencies to cover its operational costs, including payroll costs.

8. Additionally, Defendant also is engaged in ordinary commercial activities such as the operation and rent of The Bev (Barney E. Veal Event Center) which is an state-of-the-art facility where special events such as weddings, proms, graduations and corporate meetings are hosted. Defendant promoted "Venue Rental Rates starting from $900.00."

9. Defendant Osceola Council On Aging employed Plaintiff Reinaldo O. Pagan as a non-exempted, full-time, hourly employee from approximately April 23, 2020, to July 04, 2022, or 114 weeks.

10. Plaintiff had duties as a handyman, construction, and maintenance employee. Plaintiff duties included repairing work, a/c installation and repairing, plumbing, and remodeling work.

11. Throughout his employment, Plaintiff had different wage rates, but his last wage rate was $16.00 an hour.

12. During his employment with Defendant, Plaintiff had an irregular schedule. Plaintiff worked from Monday to Friday from 8:00 AM to 5:00 PM (9 hours each day), but at least two days per week, Plaintiff had to show up for work at 6:30 AM, and he worked until 5:30 PM (11 hours each day). Thus, Plaintiff worked an average of 49 hours every week. Plaintiff was not able to take bonafide lunchtime.

13. Plaintiff was paid for 40 regular hours weekly. The remaining hours were not paid to Plaintiff at any rate, not even at the minimum wage rate.

14. Plaintiff worked more than 40 hours weekly, but he was not compensated for overtime hours as required by law.

15. Plaintiff did not clock in and out, but Defendant was in complete control of Plaintiff's schedule. Thus, Defendant could track the number of hours worked by Plaintiff and other similarly situated individuals.

16. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

17. Plaintiff was paid bi-weekly by direct deposits with paystubs that did not show the actual number of hours worked.

18. On or about July 04, 2022, Plaintiff resigned from his position to pursue better employment opportunities.

19. Plaintiff Reinaldo O. Pagan seeks to recover unpaid overtime wages for every hour worked over 40 during his entire employment, liquidated damages, and any other relief as allowable by law

20. Plaintiff Reinaldo O. Pagan is not in possession of time and payment records, but he will provide a preliminary estimate of his unpaid overtime hours based on his last wage rate. After discovery, Plaintiff will adjust the statement of claim accordingly.

## Collective Action Allegations

21. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

22. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half his regular rate.

23. This action is intended to include every handyman, maintenance, remodeling employee, and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME

24. Plaintiff Reinaldo O. Pagan re-adopts every factual allegation stated in paragraphs 1-22 above as if set out in full herein.

25. This action is brought by Plaintiff Reinaldo O. Pagan and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed."

26. Defendant Osceola Council On Aging is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1) (A). Defendant employs more than two employees directly engaged in interstate commerce.   At   all   times   pertinent   to   this   Complaint,   the

Employer/Defendant operates as an organization that sells and/or markets its services and/or goods to customers from throughout the United States. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce. Defendant perform activities in connection with the activities of public agencies. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

27. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff performed activities in connection with the activities of public agencies. In addition, Plaintiff, through his daily activities, regularly, handled, or otherwise worked on goods and/or materials that have been moved in or produce for commerce. Therefore, there is FLSA individual coverage.

28. Defendant Osceola Council On Aging employed Plaintiff Reinaldo O. Pagan as a non-exempted, full-time, hourly handyman from approximately April 23, 2020, to July 04, 2022, or 114 weeks.

29. Throughout his employment, Plaintiff had different wage rates, but his last wage rate was $16.00 an hour.

30. During his employment with Defendant, Plaintiff had an irregular schedule. Plaintiff worked from Monday to Friday an average of 49 hours every week. Plaintiff was not able to take bonafide lunchtime.

31. Plaintiff was paid for 40 regular hours weekly. The remaining hours were not paid to Plaintiff at any rate, not even at the minimum wage rate.

32. Plaintiff worked more than 40 hours weekly, but he was not compensated for overtime hours as required by law.

33. Plaintiff did not clock in and out, but Defendant was in complete control of Plaintiff's schedule. Thus, Defendant could track the number of hours worked by Plaintiff and other similarly situated individuals.

34. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

35. Plaintiff was paid bi-weekly by direct deposits and with paystubs that did not show the actual number of hours worked.

36. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees

should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees, upon information and belief. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

37. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

38. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his recollections and to the best of his knowledge. After discovery, Plaintiff will amend his statement of claim.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Twenty-Four Thousand Six Hundred Twenty-Four Dollars and 00/100 ($24,624.00)

   b. <u>Calculation of such wages</u>:

   Total period of employment:  114 weeks
   Relevant weeks of employment:  114 weeks
   Total number of days worked: 5 days weekly
   Total hours worked: 49 hours weekly
   Total unpaid O/T hours:  9 overtime hours
   Regular rate: $16.00 x 1.5=$24.00 O/T rate
   Overtime rate= $24.00 an hour

   $24.00 x 9 O/T hours=$216.00 weekly x 114 weeks=$24,624.00

   c. <u>Nature of wages (e.g., overtime or straight time):</u>

   This amount represents unpaid overtime wages.[1]

39. At all times, material hereto, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

40. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

41. Defendant Osceola Council On Aging willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States and remains owing Plaintiff these

---

[1] At this time, Plaintiff have limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

42. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff Reinaldo O. Pagan and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Reinaldo O. Pagan and other similarly situated individuals and against Defendant Osceola Council On Aging based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Reinaldo O. Pagan actual damages, in the amount shown to be due for unpaid overtime compensation for hours, worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Reinaldo O. Pagan demands a trial by a jury of all issues triable as a right by a jury.

Dated: November 28, 2022

                Respectfully submitted,

                By: **/s/ Zandro E. Palma**
                ZANDRO E. PALMA, P.A.
                Florida Bar No.: 0024031
                9100 S. Dadeland Blvd.
                Suite 1500
                Miami, FL 33156
                Telephone:   (305) 446-1500
                Facsimile:    (305) 446-1502
                zep@thepalmalawgroup.com
                *Attorney for Plaintiff*