UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

REINALDO O. PAGAN,

          Plaintiff,

                          CASE NO. 6:22-CV-02201-RBD-EJK

v.

OSCEOLA COUNTY COUNCIL ON
AGING, INC.,

          Defendant.

_____ /

## JOINT MOTION AND MEMORANDUM OF LAW FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

The Parties, through their undersigned counsel, jointly move for Court approval of the mutually agreed-upon terms of settlement in this action and for dismissal with prejudice of the instant action. In further support hereof, the Parties state as follows:

1. Plaintiff, REINALDO O. PAGAN ("Plaintiff" or "Pagan"), filed a lawsuit alleging violations of the Fair Labor Standards Act (the "FLSA") against Defendant, OSCEOLA COUNTY COUNCIL ON AGING, INC. ("Defendant" or "Council"), in the United States District Court, Middle District of Florida, Orlando Division on November 28, 2022 (D.E. 1).

2.      Plaintiff, a former hourly employee of Defendant, alleges that Defendant owes him unpaid overtime compensation for the workweeks in which he worked more than 40 hours per week. *Id.*

3.      Defendant contends that Plaintiff was compensated for all hours worked, as reflected by Plaintiff's time and pay records, which he confirmed by his signature.  (D.E. 22, Twelfth Defense.)

4.      To avoid the risks and unknowns, as well as the costs of protracted litigation, the Parties desire to fully and finally resolve this action with prejudice.

5.      After a full review of the facts and information, the Parties, who have been represented by counsel at all times, agree that the negotiated terms of the settlement represent a fair, reasonable, and just compromise of disputed issues.

6.      A copy of the FLSA Settlement Agreement executed by the Parties is attached hereto as Exhibit A.

7.      For the reasons set forth below, the Parties respectfully request that the Court approve the settlement set forth in the FLSA Settlement Agreement and dismiss the instant lawsuit with prejudice.

## **MEMORANDUM OF LAW**

There are two ways in which claims for overtime compensation under the FLSA may be compromised or released by an employee. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first permits

resolution of claims under the supervision of the United States Department of Labor. *Id*. The second permits judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005) (citation omitted).

## I.    <u>The Settlement.</u>

Under the terms of the Settlement Agreement, Defendant shall pay Plaintiff a total of $8,000.00 ($4,000.00 in allegedly unpaid overtime compensation, and an equal amount, $4,000.00, in alleged liquidated damages). *See* Ex. A. Further, Defendant will pay Plaintiff's counsel $7,000.00 in attorneys' fees and costs. *Id.*

Plaintiff was employed as a Weatherization Assistant from December 2020, through July 2022. The issue in this case is whether Plaintiff performed compensable

work for Defendant in excess of the time he recorded on his timesheets such that Plaintiff is entitled to overtime compensation. Defendant contends that Plaintiff did not perform any compensable work that was not reflected by Plaintiff's timesheets, which Plaintiff verified by his signature each workweek.

Plaintiff, on the other hand, contends he worked an average of 49 hours each week. He seeks one-and-a-half times his of his regular rate of pay for overtime hours worked, liquidated damages, and attorneys' fees and costs. Plaintiff alleges that he is owed $24,624.00 in unpaid overtime compensation, with an equal amount in liquidated damages. (D.E. 24.)

As mentioned above, Defendant counters that Plaintiff was compensated for all hours worked and recorded by Plaintiff on his timesheet. Additionally, Defendant asserts that Plaintiff did not work the overtime hours claimed by Plaintiff, and that Plaintiff's normal schedule and work requirements were a regular 40-hour workweek, as reflected by his timesheets.

The Settlement provides Plaintiff with slightly less than one-fifth of the overtime compensation he seeks, with an equal amount in alleged liquidated damages. The Settlement also provides that Defendant will pay Plaintiff's counsel the sum total of $7,000.00 in fees and costs. Plaintiff's fees and costs were negotiated separately from the amount payable to Plaintiff under this settlement, and the Parties

stipulate this sum is "reasonable" in light of the stage of the proceedings and the work performed to date by Plaintiff's counsel.

## II.    A "Bona Fide" Dispute Exists.

*Lynn's Food Stores* permits approval of a compromise resolving a "bona fide dispute over FLSA provisions." *Dees v. Hydradry, Inc.*, 706 F. Supp. 1227, 1241 (M.D. Fla. 2010). Parties requesting review of an FLSA settlement "must provide enough information for the court to examine the bona fides of the dispute." *Id.* Plaintiff contends he worked off-the-clock overtime hours to which he is entitled payment under the FLSA. Defendant contends Plaintiff was compensated for all hours worked, as confirmed by Plaintiff's signature on his timesheets. Defendant further argues that the time Plaintiff is claiming is not accurate given the hours reflected by his timesheets.

There is a dispute over the number of hours Plaintiff worked. Plaintiff claims he worked 49 or more hour on average per week for which he entitled overtime compensation.  Defendant, however, contends the hours Plaintiff worked was closer to 40 hours in a work week, as verified by Plaintiff on his timesheets, and that Plaintiff, therefore, is not entitled to the compensation claimed.  This issue is one of fact which would need to be decided by a jury. The settlement of this matter, however, fairly resolves the bona fide dispute between the Parties.

### III.  All Factors Relevant to the "Fairness" of the Settlement Weigh in Favor of Approval.

Although *Lynn's Food Stores* determined that the settlements at issue in that case were unfair, it did not specify criteria for evaluating the fairness of proposed compromises under different circumstances. *See Dees*, 706 F. Supp. 2d at 1240. This Court has noted that the factors for evaluating the fairness of a class action settlement provide a familiar starting point, including:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of the plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*Id.* at 1241 (citations omitted). Here, all factors weigh in favor of approval of the settlement.

#### a. *There is no fraud or collusion behind the settlement.*

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to plaintiffs seemed fair. *See Bonilla v. Shiner's Car Wash*, No. 6:12-cv-1649-Orl-22TBS, 2014 WL 12864648, *2 (M.D. Fla. Apr. 23,2014). Here, each party was independently represented by counsel with substantial experience litigating FLSA claims. There was no fraud or collusion behind the settlement.

b. *The complexity, expense, and length of future litigation militate in favor of the settlement.*

Litigating, rather than settling this matter, would require both sides to incur significant additional costs and fees. Both sides would bear some risk if the case proceeds to trial. Plaintiff would risk recovering nothing, and Defendant would risk the possibility of an adverse judgment and fee award. It is in the best interests of all Parties to settle, rather than litigate, this matter.

c. *The stage of the litigation weighs in favor of approval of the settlement.*

This case is in the middle stages. Trial is not scheduled to take place until August 2024. The discovery period has not yet closed as of the date of the filing of this motion, and neither side has filed a motion for summary judgment yet. If the Parties are required to litigate, each side will incur fees and costs that will quickly exceed the amount of overtime compensation at issue. Thus, the stage of the litigation weighs in favor of approval of the settlement.

d. *Plaintiff's probability of success on the merits is uncertain.*

Plaintiff's probability of success on the merits is not a certainty. Defendant denies Plaintiff's allegations and contends Plaintiff was paid for all hours worked, as confirmed by Plaintiff on his timesheets. It is, therefore, uncertain as to whether Plaintiff would prevail on the merits and in what amount a reasonable jury would award Plaintiff in the event of a judgment in his favor given the disputed issues in the instant litigation.

*e. Plaintiff's range of possible recovery favors approval of the settlement.*

Plaintiff's range of recovery is between $0.00 and $24,624.00, unliquidated, or $49,248.00, with liquidated damages. Plaintiff's total recovery under the Agreement is $8,000.00. When measured against the uncertainty of litigation, as well as the uncertainty of Plaintiff's success, the Parties agree that that Plaintiff's recovery of slightly less than one-fifth of Plaintiff's maximum recovery is reasonable and militates in favors approval of the agreement.

*f. The Parties weighed the opinions of counsel in deciding whether to settle.*

The Parties agree they weighed the opinions of their respective counsel in deciding whether to settle.

## IV.    **The Attorneys' Fees to be Paid as Part of the Settlement are Fair and Reasonable.**

The *Dees* court noted that a compromise must award the plaintiff's counsel a reasonable fee. *See Dees*, 706 F. Supp. 2d at 1243. A court need not, however, scrutinize the amount of a plaintiff's attorneys' fee when it was agreed upon separately and without regard to the amount paid to the plaintiff, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009); *see also Dees*, 706 F. Supp. 2d at 1243 (quoting *Bonetti*). Such is the case here. The fee to be paid under this settlement to Plaintiff's counsel, $7,000.00, was

8

negotiated separately from the amount to be paid to Plaintiff. The settlement is reasonable on its face, including the fee amount. As stated above, Plaintiff's fees and costs were negotiated separately from the amount payable to Plaintiff under this settlement, and the Parties stipulate this sum is "reasonable" in light of the stage of the proceedings and the work performed to date by Plaintiff's counsel.

## **CONCLUSION**

The Court should approve the settlement of this action. The settlement sum fairly balances the amounts Plaintiff would seek at trial against the risk that Plaintiff might recover nothing if the case were to proceed. Additionally, Plaintiff's counsel will receive a reasonable fee in connection with the settlement. All factors germane to the Court's consideration of the fairness of the settlement weigh in favor of approval.

*WHEREFORE*, the Parties respectfully request that this Honorable Court (i) GRANT this Motion; (ii) APPROVE the settlement of this matter; and (iii) ENTER an Order dismissing this case with prejudice.

Respectfully submitted this 8th of June, 2023.

By: /s/ Zandro Palma
Zandro E. Palma
Florida Bar No. 0024031
E: zep@thepalmalawgroup.com
ZANDRO E. PALMA, P.A.
9100 S. Dadeland Blvd., Suite 1500
Miami, Florida  33156
(305) 446-1500  Telephone
(305) 446-1502  Facsimile

Attorney for Plaintiff

By: /s/ Bret C. Yaw
Aaron L. Zandy
Florida Bar No. 0125271
E: azandy@fordharrison.com
Bret C. Yaw
Florida Bar No. 0100445
E: byaw@fordharrison.com
FORD & HARRISON LLP
300 S. Orange Ave., Suite 1300
Orlando, Florida  32801
(407) 418-2300 Telephone
(407) 418-2327 Facsimile

Attorneys for Defendant

WSACTIVELLP:14020199.1

# EXHIBIT "A"

## <u>SETTLEMENT AGREEMENT</u>

1.      This Settlement Agreement ("Agreement") is entered into by and between Reinaldo O. Pagan ("Pagan") and Osceola County Council on Aging, Inc. d/b/a Osceola Council on Aging (the "Council"), with each party intending to be bound by the terms and conditions of this Agreement. For purposes of this Agreement, Pagan and the Council are collectively referred to as the "Parties." For purposes of this Agreement, the Council includes the Council's parents, subsidiaries, divisions, affiliates, stockholders, predecessors, successors, assigns, agents, directors, insurers, and officers.

2.      <u>Non-Admission</u>.  This Agreement does not constitute an admission by the Council of any violation of any law or statute, and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

3.      <u>Litigation</u>.  Pagan filed a lawsuit against the Council in the United States District Court, Middle District of Florida, Orlando Division (Case No.: 6:22-CV-02201-RBD-EJK), on behalf of himself and other similarly situated individuals, alleging that the Council owes him unpaid overtime pursuant to the Fair Labor Standards Act. The Parties desire fully and finally to resolve this litigation and all aspects of his underlying claims. Pagan represents that no other charges, actions or claims are pending on Pagan's behalf against the Council, other than those set forth in this paragraph.

4.      <u>Payment to Pagan.</u>  In consideration for signing this Agreement and the fulfillment of the promises herein, the Council agree to pay Pagan the total sum of Fifteen Thousand Dollars and Zero Cents ($15,000.00). This payment is inclusive of all claims for attorneys' fees, costs, and expenses. The payment will be made within seven (7) calendar days of the Court's order approving the Parties' Joint Motion for Approval of the Agreement. The settlement checks will be prepared as follows:

(a)      The Council agrees to pay Pagan the sum of Four Thousand Dollars and Zero Cents ($4,000.00) for alleged overtime pay made payable to Pagan, less all applicable withholding taxes and payroll deductions. Pagan shall provide the Council a current IRS Form W-9 promptly after execution of this Agreement;

(b)      The Council agrees to pay Pagan the lump sum of Four Thousand Dollars and Zero Cents ($4,000.00) for alleged liquidated damages made payable to Pagan; and

(c)      The Council agrees to pay Pagan the sum of Seven Thousand Dollars and Zero Cents ($7,000.00) in a check made payable to Pagan's attorney, Zandro E. Palma, P.A., who shall provide the Council with a current Form W-9 promptly after Pagan's execution of this Agreement and will be issued a 1099 for this amount. The foregoing attorneys' fees and costs were agreed upon separately and without regard to the amount paid to Pagan. Furthermore, the

Doc ID: 604087d733935fdb50b23c1b52481f7fa2279ead

Settlement Agreement Between Reinaldo O. Pagan, Jr. and Osceola County Council on Aging, Inc. d/b/a Osceola Council on Aging

> Parties specifically are aware of, and agree with, the amount of attorneys' fees and costs to be paid to Pagan's counsel for representing Pagan's interests in this matter.

Pagan acknowledges that the payment of the monies by the Council identified herein constitutes full and complete payment of any unpaid wages and related damages allegedly owed to him for the entire period of his employment by the Council up to the time of execution of this Agreement and that he sought in this action, and agrees not to pursue any additional claim based on alleged overtime or unpaid wages. Pagan agrees that upon receipt of the settlement funds described in Paragraph 4 above, his claims raised in this action will be moot.

5. <u>Withdrawal of Claims</u>. The Parties will jointly file a Motion for Approval of Settlement with each party to bear his or its own fees other than what is described within this Agreement.

6. <u>Release of Claims</u>. Pagan, on his own behalf, Pagan's descendants, dependents, heirs, executors, administrators, assigns, and successors fully, finally and forever releases and discharges the Council from the Fair Labor Standards Act violations as alleged in his Complaint (Case No.: 6:22-CV-02201-RBD-EJK).

7. <u>No Pending Complaints</u>. Pagan represents, warrants, and agrees that he has not filed any lawsuits or arbitrations against the Council or filed or caused to be filed any claims, claims, charges, or complaints against the Council in any administrative, judicial, arbitral, or other forum, including any charges or complaints against the Council with any international, federal, state or local agency charged with the enforcement of any law or any self-regulatory organization. Pagan is not aware of any factual or legal basis for any legitimate claim that he has against the Council or that the Council are in violation of any whistleblower, corporate compliance, false claims, or other regulatory or legal obligation of the Council under international, federal, state, or local law, rule, regulation, or the Council' policy. Pagan further represents, warrants, and agrees that if he was ever aware of any such basis for a legitimate claim against the Council, he promptly informed the Council of same.

8. <u>Non-Interference.</u> Nothing in this Agreement shall interfere with Pagan's right to file a charge, cooperate or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations, or other federal or state regulatory or law enforcement agency.

9. <u>Payment of Applicable Taxes</u>. Pagan is and shall be solely responsible for all federal, state, and local taxes that may be owed by Pagan by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Pagan agrees to indemnify and hold the Council harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Pagan under this Agreement unless such liability is caused by an action or inaction of the Council.

Doc ID: 604087d733935fdb50b23c1b52481f7fa2279ead

Settlement Agreement Between Reinaldo O. Pagan, Jr. and Osceola County Council on Aging, Inc. d/b/a Osceola Council on Aging

10.    <u>Transfer of Claims</u>.  Pagan represents and warrants he has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim. Pagan agrees to indemnify and hold the Council harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer. The Parties further warrant that there is nothing that would prohibit each Party from entering into this Agreement.

11.    Upon inquiry, the Council shall provide a neutral employment reference and verify Plaintiff's dates of work, position(s) held, and rate(s) of pay, but without reference to any demand letter, lawsuit, claim(s) asserted therein, or the resolution of such claims.

12.    The Parties acknowledge that if either materially breaches this Agreement, including but not limited to commencing a suit or action or complaint in contravention of this release and waiver of claims, the Parties' obligations to perform under this Agreement immediately shall cease, and the aggrieved Party shall be entitled to all remedies allowed in law or equity. The prevailing party in such an action is entitled to attorneys' fees and costs.

13.    <u>Entire Agreement</u>.  This Agreement contains the entire agreement and understanding between Pagan and the Council with respect to the claims that Pagan brought against the Council in Case No.: 6:22-CV-02201-RBD-EJK and supersedes all other agreements between Pagan and the Council with regard to such disputes or claims.

14.    <u>Severability</u>.  The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the Parties.

15.    <u>Parties' Acknowledgement</u>.    The Parties acknowledge that no representation, promise, or inducement has been made other than as set forth in this Agreement, and that the Parties enter into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. The Parties further acknowledge and represent that each assumes the risk for any mistake of fact now known or unknown, and that each Party understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. Pagan also acknowledges: (a) that he has consulted with or has had the opportunity to consult with an attorney of his choosing concerning this Agreement and has been advised to do so by the Council; and (b) that Pagan has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on his own judgment and/or Pagan's attorney's advice.

Page **3** of 4

Doc ID: 604087d733935fdb50b23c1b52481f7fa2279ead

Settlement Agreement Between Reinaldo O. Pagan, Jr. and Osceola County Council on Aging, Inc. d/b/a Osceola Council on Aging

Pagan acknowledges that he has been given a reasonable time to consider the terms of this Agreement.

16.    <u>Headings</u>.    The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

17.    <u>Execution</u>.    This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.


05 / 25 / 2023
_____
Date

_____
Reinaldo O. Pagan


06/06/2023
_____
Date

_____
Authorized Representative of Osceola
County Council on Aging d/b/a Osceola
Council on Aging

Doc ID: 604087d733935fdb50b23c1b52481f7fa2279ead